UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 13-56772

NINA TALISON,  Chapter 13

               Debtor.  Judge Thomas J. Tucker
_____/

**ORDER DISAPPROVING POST-CONFIRMATION
PLAN MODIFICATION**

On February 28, 2019, the Debtor filed a document entitled "Chapter 13 Post-Confirmation Plan Modification For Debtor to Remit Funds Post-Expiration and for the Chapter 13 Trustee to be Allowed to Use Funds Received Post-Expiration" (Docket # 140, the "Plan Modification"). The Debtor proposes in the Plan Modification that:

    a)     That Debtor remit $2,219 to the Chapter 13 Trustee to be reflected on the Trustee's records by or before April 4, 2019; and

    b)     The Chapter 13 Trustee be allowed to use the post-expiration funds already on hand ["$3,763.17] plus the additional funds to be remitted by the Debtor post-expiration to complete Debtor's obligations under the Plan.

(Plan Modification at 2 ¶ 8.)

The Court concludes that the approval of this proposed plan modification is impermissible, because the plan as modified would exceed the five-year limit in 11 U.S.C. § 1329(c). For this reason, the Court cannot approve the Plan Modification. *See, e.g., In re Powell*, 583 B.R. 695, 696 (Bankr. E.D. Mich. 2018); *In re Jacobs*, 263 B.R. 39, 49-50 (Bankr. N.D.N.Y. 2001); *In re DeBerry*, 183 B.R. 716, 717-18 (Bankr. M.D.N.C. 1995); *In re Cutillo*, 181 B.R. 13, 16 (Bankr. N.D.N.Y. 1995).

Section 1329(c) provides:

> (c) A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, **but the court may not approve a period that expires after five years after such time.**

11 U.S.C. § 1329(c) (emphasis added).

The proposed order would modify the Debtor's confirmed Chapter 13 Plan by, among other things, requiring the Trustee to apply funds paid and to be paid by the Debtor to the Trustee after the 60-month expiration of the confirmed Plan, in violation of 11 U.S.C. § 1329(c). The Debtor's 60-month plan was confirmed on December 11, 2013 (Docket ## 7, 31). So the date that is 60 months after the first post-confirmation plan payment became due (January 11, 2014 at the latest), was January 11, 2019 at the latest. The proposed Plan Modification cannot be approved, because the Debtor's 60-month confirmed Plan in this case expired on January 11, 2019, at the latest. Under § 1329(c), the Court cannot approve any plan modification in this case that provides for payments by the Debtor after January 11 2019, at the latest.

For these reasons, the Court must disapprove the Plan Modification.

Accordingly,

IT IS ORDERED that the Plan Modification (Docket # 140) is disapproved.

**Signed on March 4, 2019**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**